IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENA RAE O'KEEFE,                                          No. 2:14-cv-0792-MCE-CMK

        Plaintiff,

    vs.                                                        <u>FINDINGS AND RECOMMENDATIONS</u>

CALIFORNIA HIGHWAY PATROL, et al.,

        Defendants.

_____/

        Plaintiff, proceeding pro se, brings this civil action.  This action was removed to this court on March 27, 2014, from the Shasta County Superior Court.  Pending before the court is defendants' unopposed motion to dismiss (Doc. 10).

    **I.      Background**

        This civil rights action, originally filed in the Shasta County Court, was removed to this court by defendants, who then filed the pending motion to dismiss.

        Plaintiff brings this action against the California Highway Patrol and Officer Troy Somovia. Plaintiff's state court complaint alleges two causes of action: motor vehicle negligence and violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.  Plaintiff alleges the defendants acted negligently in causing a motor vehicle accident with decedent

Christopher Fay, and that defendant Somovia violated Mr. Fay's rights under the Fourth and Fourteenth Amendment by acting recklessly with deliberate indifference to the decedent's rights, amounting to use of excessive force and unreasonable seizure of Mr. Fay's life and liberty, depriving him of due process.  In addition, plaintiff alleges defendant California Highway Patrol "failed to adequately hire, train and supervise officers, and developed customs, practices and policies with deliberate indifference to the constitutional rights of all citizens, including decedent." (Compl. at 5).

## II.     Motion to Dismiss

### A.     Motion

Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1),(6) for failure to state a claim upon which relief can be granted.  The defendants argue plaintiff fails to allege standing to sue and fails to allege sufficient facts to state a claim against the State of California, its agencies, or public officials acting in their official capacity.

### B.     Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

1    and the grounds upon which it rests." <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007)

2    (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

3    failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

4    recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

5    raise a right to relief above the speculative level." <u>Id.</u> at 555-56.  The complaint must contain

6    "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.  "A claim has

7    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8    reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at

9    1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

10   than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Bell Atl. Corp.</u>, 550

11   U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

12   liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."

13   <u>Id.</u> (quoting <u>Bell Atl. Corp.</u>, 550 U.S. at 557).

14          To determine whether a complaint states a claim upon which relief can be granted,

15   the court generally may not consider materials outside the complaint and pleadings.  <u>See</u> <u>Cooper</u>

16   <u>v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998); <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir.

17   1994).  The court may, however, consider: (1) documents whose contents are alleged in or

18   attached to the complaint and whose authenticity no party questions, <u>see</u> <u>Branch</u>, 14 F.3d at 454;

19   (2) documents whose authenticity is not in question, and upon which the complaint necessarily

20   relies, but which are not attached to the complaint, <u>see</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668,

21   688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

22   <u>see</u> <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994).

23          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

24   amendment can cure the defects." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

25   curiam); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

26   / / /

3

1          C.      Discussion

2          Defendants argue the court should dismiss this action for plaintiff's failure to

3 allege standing to sue and failure to allege sufficient facts to state a claim.  No opposition has

4 been filed.

5          Standing to Sue

6          Defendants first challenge plaintiff's standing to bring this action on behalf of Mr.

7 Fay, the decedent.  Mr. Fay apparently died from injuries sustained during the incident with the

8 defendants.  However, as the defendants contend, there is nothing in the complaint to indicate

9 what, if any, relationship there is between plaintiff and Mr. Fay.

10          "Fourth Amendment rights are personal rights which like other constitutional

11 rights, may not be vicariously asserted." Rakas v. Illinois, 439 U.S. 128, 133–134 (1978).  In

12 section 1983 actions, however, the survivors of an individual killed as a result of an officer's

13 excessive use of force may assert a Fourth Amendment Claim on that individual's behalf if the

14 relevant state's law authorizes a survival action.  See Moreland v. Las Vegas Metro. Police

15 Dep't., 159 F.3d 365, 369 (9th Cir.1998). Similarly, claims for Battery and Negligence under

16 California law are personal claims belonging to the person suffering the battery or negligent acts.

17 See Ruiz v. Podolsky, 114 Cal.Rptr.3d 263 (2010) ("A decedent's personal injury action does

18 indeed survive the decedent's death and may be brought by his or her estate").

19          California Code of Civil Procedure section 377.20 provides that "a cause of action

20 for or against a person is not lost by reason of the person's death, but survives subject to the

21 applicable limitations period." In California, an action under section 1983 for violation of

22 personal civil rights of a decedent may be brought by the decedent's personal representative or

23 successor in interest pursuant to California Code of Civil Procedure §§ 377.30 and 377.34.

24 Subsection 377.30 authorizes a decedent's personal representative or, if none, the decedent's

25 successor in interest to commence any action belonging to the decedent that survives his death.

26 Section 377.34 permits a decedent's successor in interest to recover damages for "the loss or

damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived," but excluding damages "for pain, suffering or disfiguration."

Here, plaintiff fails to plead that she is either Mr. Fay's personal representative or successor in interest.  She cannot maintain this action without first pleading proper standing to act on Mr. Fay's behalf.  Thus, this action should be dismissed, in it's entirety, but with leave to amend.

Failure to State a Claim

Next, defendants argue plaintiff's complaint fails to state a claim against the California Highway Patrol, as it is not a "person" under 42 U.S.C. § 1983, nor against defendant Somovia in his official capacity.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

1   Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

2   extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

3   of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

4   Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

5   agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

6   (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

7          The Eleventh Amendment also bars actions seeking damages from state officials

8   acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995);

9   Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment

10   does not, however, bar suits against state officials acting in their personal capacities.  See id.

11   Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not

12   bar suits for prospective declaratory or injunctive relief against state officials in their official

13   capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh

14   Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc.

15   Servs., 436 U.S. 658, 690 n.54 (1978).

16          As to the California Highway Patrol, several courts have already determined that

17   the California Highway Patrol is an agency of the state, and thus is protected by Eleventh

18   Amendment immunity.  See, e.g., May v. Cal. Highway Patrol, No. C 09-3460 BZ, 2010 WL

19   234868, at *1 (N.D. Cal. Jan. 14, 2010) (unpublished); Townsend v. California, No. CV F

20   10-0470 LJO SKO, 2010 WL 1644740, at *6 (E.D. Cal. Apr. 21, 2010) (unpublished); Vierria v.

21   Cal. Highway Patrol, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009); Guzman v. Van Demark, 651

22   F. Supp. 1180, 1183 (C.D. Cal. 1987) (recognizing that "the CHP's immunity is coextensive with

23   the State's immunity").  Accordingly, plaintiff cannot maintain a § 1983 action against the

24   California Highway Patrol.

25   / / /

26   / / /

1    As for Officer Somovia, the defendants contend plaintiff cannot maintain an

2    action for damages against a state official in their official capacity.  The complaint, however, is

3    silent on the capacity in which defendant Somovia is being sued.

4    The undersigned agrees that to the extent defendant Somovia is named as a

5    defendant in his official capacity, such an action cannot be maintained.  State officials sued in

6    their official capacity for damages are not persons for purposes of § 1983.  See Arizonans for

7    Official English v. Arizona, 520 U.S. 43, 69 n.24; Will v. Michigan Dep't of State Police, 491

8    U.S. 58, 71 (1989).  Only if the state officials are sued in their official capacity for injunctive

9    relief are they considered persons for purposes of § 1983.  See Will, 491 U.S. at 71 n.10; Doe v.

10   Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).  Naming state officials in

11   their official capacity is merely an alternative way of pleading an action against the entity of

12   which the defendant is an officer.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).

13   However, where the complaint is silent as to the capacity of the defendant, the

14   court must determine the capacity in which the defendant is named.  Where the plaintiff is

15   seeking damages against a state official, a strong presumption is created in favor of a personal-

16   capacity suit because an official-capacity suit for damages would be barred.  See Romano v.

17   Bible, 169 F.3d 1182, 1186 (9th Cir. 1999) (citing Shoshone-Bannock Tribes v. Fish & Game

18   Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Cerrato v. San Francisco Community College

19   Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994)).  Therefore, as the complaint does not specify the

20   capacity in which defendant Somovia is named, but is an action for damages against defendant

21   Somovia for violating Mr. Fay's constitutional rights, the court will presume defendant Somovia

22   is named in his personal capacity.  As such, a § 1983 action for damages may be maintained

23   against defendant Somovia in his personal capacity.

24   Therefore, the defendants' motion to dismiss should be granted, without leave to

25   amend as the California Highway Patrol, and with leave to amend as against officer Somovia.

26   / / /

### III.  Conclusion

Plaintiff's complaint is deficient in her failure to allege standing to bring this action.  As this defect is curable, leave to file an amended complaint should be allowed.  However, she cannot maintain her claims against defendant California Highway Patrol under 42 U.S.C. § 1983, which should be dismissed without leave to amend.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id. Plaintiff is also warned that failure to file an amended complaint within the time provided by the court's order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at  1260-61; see also Local Rule 110.

Based on the foregoing, the undersigned recommends that:

1.      Defendants' motion to dismiss (Doc. 10) be granted;

2.      Plaintiff's complaint be dismissed with leave to file an amend complaint consistent with the above discussion;

3.      The claims against defendant California Highway Patrol under 42 U.S.C. § 1983 be dismissed without leave to amend; and

4.      Plaintiff may file an amended complaint within 30 days of the date of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written

8

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  January 5, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE